UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RONDA CRUTCHFIELD, ET AL. | CIVIL ACTION |
| VERSUS | NO. 13-4801 |
| SEWERAGE & WATER BOARD OF NEW ORLEANS, ET AL. | SECTION: C (5) |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Supplement the Federal Court Record with State Court Written Judgments and Hearing Transcript. Rec. Doc. 7. Defendants oppose. Rec. Doc. 11. The Court, having considered the record, the law, and the memoranda of counsel, hereby GRANTS IN PART and DENIES IN PART the motion, as explained below.

**I. Facts and Procedural History**

Plaintiffs filed their class action petition for damages in the New Orleans Civil District Court on August 13, 2012. Rec. Doc. 1-2 at 1. They claim damages resulting from construction authorized by Defendant New Orleans Sewerage and Water Board (S&WB) and carried out by the other named defendants. *Id.* at 7-25.

According to the current motion, Plaintiffs filed a Motion for Protective Order in the Civil District Court on March 15, 2013, and S&WB filed a Motion for Protective Order Concerning Expert Testimony on March 28, 2013. The Plaintiffs' motion sought to prevent S&WB from sending letters to putative class members; Rec. Doc. 7-5 at 3-11; S&WB's motion sought to prevent Plaintiffs' from deposing or issuing other discovery with respect to a potential

1

witness, Leonard Quick; *id.* at 24-29.

On May 16, 2013, the state court held a hearing at which she addressed the merits of both motions. During the hearing, the court gave S&WB certain instructions with respect to Plaintiffs' motion. *Id.* at 14-21. Regarding S&WB's motion, the court gave some preliminary indications, but ultimately deferred ruling on the matter until proper discovery requests were propounded. *Id.* at 31-32.

One week after the hearing, S&WB filed a third-party demand against Hill Bros. Construction Company, Inc. ("Hill Bros."). On June 14, 2013, Defendant Hill Bros. filed a notice of removal at the federal district court for the Eastern District of Louisiana. Rec. Doc. 1. On the same date, the parties agree that Hill Bros. attempted to file notice of removal in the state court.

On June 20, 2013, the state court judge signed written judgments related to the protective orders sought by Plaintiffs and S&WB. Rec. Docs. 7-3, 7-4. As to Plaintiffs' Motion for Protective Order, it was ordered that S&WB refrain from discussing the litigation with putative class members, including those who initiate contact with them in the future. Rec. Doc. 7-3, at 3. For those who initiate contact, S&WB was required to provide the court and Plaintiffs with their name and relevant information. *Id.* at 2-3. Plaintiffs' counsel in turn was ordered to identify their clients from among those names for the court and S&WB. *Id.* On S&WB's Motion for Protective Order Concerning Expert Testimony, the court deferred consideration, except that S&WB was ordered to produce for *in camera* review documents of Mr. Quick over which S&WB asserted a privilege in response to discovery. Rec. Doc. 7-4 at 2.

Plaintiffs now move the Court to supplement the federal court record with the aforementioned portions of the state court record. Rec. Doc. 7 at 1.

**II. Standard of Review**

Under 28 U.S.C. § 1450, whenever an action is removed from state court to district court,

all orders, injunctions, and other proceedings in the action remain in effect until dissolved or modified by the district court. Under this provision the federal court takes the case "where the state court left it off"; the purpose is to avoid needless relitigation of matters already decided. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 436-37, 94 S. Ct. 1113, 1122-23, 39 L. Ed. 2d 435 (1974); *Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1303 (5th Cir. 1988).

Perfection of removal divests the state court of its jurisdiction over the case. *Murray v. Ford Motor Co.*, 770 F.2d 461, 463 (5th Cir. 1985). Removal is perfected once the removing party serves notice on all adverse parties and the state court. 28 U.S.C. 1446(d); *Butler v. King*, 781 F.2d 486, 489 (5th Cir. 1986). The Fifth Circuit has repeatedly held that notice may be actual or constructive. *Id.* (collecting cases).Thus, no state court order entered after removal is perfected may be enforced by the federal court in the removed case.

## III. Analysis

The motion at bar rests on a assumption that interlocutory orders must be expressly incorporated into the federal court record for them to have continuing force in the case. Rec. Doc. 7-1 at 2.  That idea is expressly contradicted by the text of 28 U.S.C. § 1450 which states that the such orders "shall remain in full force and effect until dissolved or modified." *See Nissho-Iwai Am. Corp.*, 845 F.2d at 1304 ("In sum, whenever a case is removed, interlocutory state court orders are transformed by operation of 28 U.S.C. § 1450 into orders of the federal district court to which the action is removed."). The Court need not supplement the federal court record with a state court ruling for the state court ruling to take effect. *See* 28 U.S.C. § 1447(b). That process is automatic.

For this reason, a motion seeking to supplement the federal court record with a state court record is largely unripe, unless it concerns a past or imminent violation of a pre-removal order.

3

Plaintiffs do not allege that such a violation has occurred or is contemplated. However, as it is apparent that the parties disagree about the content of the pre-removal record, the Court will interpret it and incorporate those portions that remain in force, so as to relieve the parties of uncertainty.

A. *May 16, 2013 Transcript*

The May 16, 2013 motions hearing took place before removal occurred. Thus, any orders issued therein continue to bind the parties. The court ordered S&WB to provide Plaintiffs the names of putative class members that had contacted S&WB before the action had been filed. Rec. Doc. 7-5 at 15, 21. The court restricted S&WB from contacting any of those approximately 76 people, pending a determination of whether they were represented by Plaintiffs' counsel or not. *Id.* at 15, 20-21. Finally, the court restricted S&WB from initiating contact with any putative class member who had not contacted it before the petition was filed. *Id.* at 14, 20. Those portions of the court's remarks were sufficiently clear and definite to bind the parties. Moreover, defense counsel understood them to be binding, as he asked the court to clarify the scope and nature of its ruling and findings. *Id.* at 19-21.

The court expressly deferred consideration of S&WB's Motion for Protective Order Concerning Expert. *Id.* at 31-32. Therefore, none of its preliminary indications of how it would rule can be considered enforceable orders. Similarly, the remainder of the transcript, including the instructions to S&WB on how to field future phone calls from putative class members, *id.* at 17, was too advisory in nature to be considered an order.

Defendants argue that none of the transcript reflects a valid order because the oral rulings were not reduced to writing or captured in a minute entry before the state court lost jurisdiction. Rec. Doc. 11 at 5.  Pursuant to La. Civ. Code art. 1914(A), rendition of an interlocutory judgment in open court constitutes notice to all parties of the judgment, except as provided in

4

paragraphs (B) and (C) of the same article. Paragraph (C) concerns denial of post-trial motions and is irrelevant here. Paragraph (B) states that written notice of judgment is required when ordered by the court or requested by a party or when the court takes the matter under advisement. There is no indication that this case fits any of these conditions.

The current version of Article 1914 does not condition the validity of notice on entry of an order into the minutes. The separate requirement for a minute entry appears to be based on the Third Circuit's interpretation of a previous version of the Article. *See* 2003 La. Sess. Law Serv. Act 545 (S.B. 818) (WEST)*; Edwards v. Daugherty*, 00-606 (La. App. 3d Cir. 6/14/00), 769 So. 2d 611, 613 ("The jurisprudence has repeatedly held that interlocutory judgments need not be written provided the judgment is entered into the court minutes."). The Fifth Circuit Court of Appeal, interpreting La. Code Evid. art. 201 and the current version of La. Civ. Code art. 1914, has stated, "[c]ertainly a court may take notice of a prior ruling in the case before it, whether evidenced by a minute entry, a transcript, or a written judgment." *Stanley v. Nicosia*, 09-191 (La. App. 5 Cir. 9/29/09), 19 So. 3d 56, 58. Plaintiffs' reliance on the transcript to establish the contents of the state court's oral rulings is appropriate. Therefore, the transcript will be admitted into the federal court record, and the Court will take judicial notice of the orders issued therein as stated above.

*B. June 20, 2013 Written Judgments*

The written judgments were clearly signed after the state court received constructive notice of removal. Rec. Doc. 7-3, 7-4. Thus, they have no binding effect on the parties. Plaintiffs resist this conclusion by arguing that notice of removal was defective under a local procedural rule because it did not have an original signature; they allege that the clerk of the state court did not file the document into the record after file-stamping it. Rec. Doc. 22 at 1. Still, it is uncontested that a copy of the removal notice was furnished to the clerk. Even if this were not

sufficient, the Fifth Circuit has held that constructive notice is given where, as here, Plaintiffs received notice of removal and subsequently participated in the state court action. *See Dukes v. S. Carolina Ins. Co.*, 770 F.2d 545, 547 (5th Cir. 1985) ("In the absence of proof that [Plaintiffs] failed in their duty as officers of the court to advise the state court of the removal before seeking a default judgment in that forum, we presume that they properly discharged their duty to the state court and advised the court of the removal and of their participation in the conduct of the federal litigation during the previous year."). For this reason, the state court lacked jurisdiction to enter any orders after June 14, 2013.

Plaintiffs also argue that the written orders should be admitted as evidence of the oral orders entered while the state court retained jurisdiction over this case. Rec. Doc. 7-1 at 3. However, the transcript speaks for itself. Further, it is clear that the state court decided matters in the written judgments that it had deferred at the motions hearing. In particular, the court decided how S&WB was to handle future inquiries from putative class members regarding the subject matter of this litigation. Rec. Doc. 7-3 at 2-3. The court also decided to order S&WB to submit allegedly privileged files related to Leonard Quick for *in camera* inspection. Neither of these orders were effectively realized until the state court signed its written orders on June 20, 2013. Therefore, they do not bind the parties. Rec. Doc. 7-4 at 2.

Accordingly,

IT IS ORDERED that Plaintiffs' Motion to Supplement the Federal Court Record with State Court Written Judgments and Hearing Transcript is GRANTED IN PART and DENIED IN PART. Rec. Doc. 7.

IT IS FURTHER ORDERED that the transcript of the May 16, 2013 motions hearing is hereby ADMITTED into the federal court record. Rec. Doc. 7-5. The Court will take judicial

notice of the rulings issued therein as provided in this Order and Reasons.

New Orleans, Louisiana, this 25th day of November, 2013.

                                              HELEN G. BERRIGAN
                                              UNITED STATES DISTRICT JUDGE