UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RONDA CRUTCHFIELD, ET AL.**            **CIVIL ACTION**

**v.**                                    **NO. 13-4801**

**SEWERAGE & WATER BOARD**                **SECTION "C" (5)**
**OF NEW ORLEANS, ET AL.**

**ORDER AND REASONS**

IT IS ORDERED that the plaintiffs' motion to appeal the decision of the Magistrate Judge granting the Sewerage and Water Board's motion to quash the plaintiffs' subpoena *duces tecum* to Leonard Quick is DENIED. Rec. Doc. 55. The Court notes that the Magistrate Judge granted the motion to quash without prejudice to plaintiffs' ability to re-issue the subpoena. Rec. Doc. 54.

Plaintiffs argue that the Magistrate Judge erred because the plaintiffs were entitled to propound discovery to Mr. Quick under a case management order issued by the state court pre-removal. However, plaintiffs fail to point to any order that would have authorized them to issue the subpoena in question. In particular, they have not attached the January 11, 2013 state court pre-certification discovery order that they reference in their motion. Rec. Doc. 55-1 at 4. Therefore, the Court cannot evaluate the contents of the order or determine whether it authorized plaintiffs to issue a subpoena to Mr. Quick on December 9, 2013. Given that the parties had requested a continuance of pre-certification discovery deadlines and a new case management

1

order as early as March 27, 2013,[1] it seems very likely that the plaintiffs' subpoena was issued after the deadlines provided in the January 11, 2013 order had already expired.

Finally, the plaintiffs' contention that their subpoena to Mr. Quick was authorized by a state court case management order is totally inconsistent with the position taken in their motion to continue the submission date for the motion to certify a class. Rec. Doc. 28. In that motion, the plaintiffs claimed that it was necessary for the Court to "enter a case management order for pre-certification discovery," before it could gain access to Mr. Quick's files. *Id.* at 2. For these reasons, the Court cannot find that the Magistrate Judge clearly erred by granting the S&WB's motion to quash without prejudice, while this Court considered whether to order additional pre-certification discovery.

New Orleans, Louisiana, this 3rd day of February, 2014

                                                **HELEN G. BERRIGAN**
                                                **UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiffs admit that the state court did not act on the requested continuance pre-removal.