UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONDA CRUTCHFIELD, ET AL.                                CIVIL ACTION

VERSUS                                                   NUMBER: 13-4801

SEWERAGE & WATER BOARD OF                                SECTION: "C"(5)
NEW ORLEANS, ET AL.

## ORDER AND REASONS ESTABLISHING PRECERTIFICATION DISCOVERY PLAN

In its March 12, 2014 Minute Entry, this Court directed counsel for the parties to meet and confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and to submit a specific and detailed Joint Precertification Discovery Plan no later than Friday, March 21, 2014. That Plan was to set forth by name each deponent that the parties seek to depose for certification purposes and the areas of inquiry proposed for each such deposition. Likewise, the Plan was to set forth proposed recipients of written discovery requests and the areas of inquiry to be included in said requests and was to include deadlines for completion of all phases of precertification discovery.

Rather than submit a joint Plan as directed, the parties instead submitted three separate plans, along with memoranda in support of their respective plans and in opposition to those submitted by the other parties.

The Court has now reviewed those submissions, along with numerous post-removal pleadings and motions in the record, state court pleadings (including written discovery requests and responses), and the Order and Reasons of the District Court granting Plaintiffs' Motion to Continue the Submission Date on their Motion to Certify Class. [Rec. doc. 56]. After careful review of these materials and having provided counsel for the parties the opportunity for argument and comment on the particulars of its Precertification Discovery Plan at a hearing held for that purpose March 28, 2014, the Court issues the following Order and Reasons establishing a precertification discovery plan in this matter.

Plaintiffs filed a Motion to Certify Class on September 13, 2013, setting the motion for submission on December 4, 2013. That Motion was filed almost four months after Hill Brothers was brought into this matter for the second time,[1] by way of a third-party complaint filed by the New Orleans Sewerage and Water Board ("S&WB"). S&WB and Hill Brothers both filed timely responses to the Motion to Certify. The day before the matter was set for submission (and only after the District Court had notified the parties that the matter would be decided on the briefs), Plaintiffs filed a motion seeking to continue the submission date and asking the District Court to hold an evidentiary hearing on their class certification motion.

Notably, in both their original motion to continue and their reply memorandum on that motion, Plaintiffs asked the District Court for a "brief" extension of the submission date. In requesting an evidentiary hearing, Plaintiffs stated that the evidence they sought was limited. Specifically, they argued for discovery concerning new common factual and

---

[1] Hill Brothers was originally named by Plaintiffs as a direct defendant in the state-court litigation.

legal issues raised by S&WB's third-party complaint against Hill Brothers and Hill Brothers' answer to that complaint, as well as other matters raised in those entities' opposition memoranda on the class certification motion. Certain specific "new" issues were recited in Plaintiffs' papers, particularly concerning S&WB's allegations that Hill Brothers violated project specifications and Hill Brothers' allegations that S&WB was aware of certain risks inherent in the Dwyer Road Project.

The Court notes that neither of these issues or topics should be "new" in any real sense to Plaintiffs or their counsel, as almost identical allegations were made against each entity by Plaintiffs themselves in their original state court petition. Nonetheless, this was Plaintiffs' argument in their Motion to Continue.

Plaintiffs have also consistently argued that they were entitled to certain information in the possession of Leonard Quick, an engineer hired prior to the commencement of the project by S&WB.

This is the information and evidence Plaintiffs represented to the District Court they needed as part of a precertification discovery plan in order to "prevent prejudice to the parties and provide this court the evidence that is required to decide the motion" for certification. [Rec. doc. 28-1]. The District Court granted that request and explained in its Order and Reasons exactly what evidence it required to ultimately decide that motion. Suffice it to say that much of Plaintiffs' recently requested precertification discovery exceeds the scope described by the District Court. Additionally, not only can the 20-plus depositions requested in Plaintiffs' proposed discovery plan not possibly be accomplished within the "brief" extension they requested, the scope of those depositions – both in subject

3

matter and identity of the proposed deponents – far exceeds what Plaintiffs themselves represented to the District Court they needed to move forward with a renewed motion for class certification.

The District Court was clear in the type of evidence that would be required in this case at the certification hearing, stating that it was "unable to make a sound determination regarding predominance without additional information about the nature of the common liability issues in this case and about the susceptibility of causation and damages to formulaic reduction." [Rec. doc. 56]. As to common liability discovery in particular, the Court stated "Plaintiffs require access to information regarding defendants' class-wide decision making and knowledge of class-wide circumstances, including, if discoverable, that which is held by Mr. Quick."

This is the information the District Court requires and this is the information that will be subject to pre-certification discovery. Accordingly, **IT IS ORDERED**:

### Plaintiffs' Discovery

- Plaintiffs will be allowed to take the Rule 30(b)(6) depositions of S&WB and Hill Brothers. Based upon the submissions of all parties and the District Court's Order and Reasons, this Court finds the following topics are discoverable and inquiry into them will be allowed in precertification discovery:
    - S&WB's and Hill Brothers' information and knowledge of class-wide conditions or circumstances during the planning and construction of the Dwyer Intake Canal Project, including the ground water and vibration thresholds needed to avoid damage to class members' properties;

4

- o S&WB's and Hill Brothers' decisions affecting the entire class, including any decision(s) not to monitor ground water beyond a certain distance for the entire project;

- o S&WB's and Hill Brothers' conduct, if any, in response to being provided information that vibration and dewatering were likely to or did cause damage to class members' properties;

- o S&WB's and Hill Brothers' responses to class members' damage complaints;

- o The basis for S&WB's class-wide claims against Hill Brothers and Hill Brothers' class-wide defenses; and

- o The locations and extent of damages caused by the Dwyer Intake Canal project construction.

- Plaintiffs' depositions of these entities will be limited to a total of 14 hours on the record for S&WB and 7 hours on the record for Hill Brothers.

- There will be no depositions of third-party contractors in the precertification phase.[2]

- Plaintiffs may propound written discovery, within all limits imposed by the Federal Rules of Civil Procedure and the Local Rules of this district, upon Hill

---

[2] The Court was advised at the March 28 hearing that additional third-party defendants may be brought into this matter. If and when that occurs, Plaintiffs will be allowed to take the Rule 30(b)(6) depositions of those contractor entities and will be subject to the 6-hour on-the-record time limit.

- Brothers,[3] provided that discovery is limited to the 30(b)(6) topics set forth above.

- There will be no additional written discovery propounded by Plaintiffs upon S&WB at this time.  Rather, the parties are instructed to meet and confer concerning the particular objections raised in their respective, mooted state-court motions to compel concerning the substantial written discovery propounded in that litigation.  As to any certification-related discovery that any party in good faith believes remains unanswered, the parties are directed to file motions to compel with this Court on the date set forth below.  Those motions are to address – with specificity – the numbered requests for which additional responses are sought and set forth – with specificity – the nature of the additional information sought.

- Plaintiff shall serve a revised subpoena *duces tecum* upon Leonard Quick as soon as possible.  Having reviewed the disputed state-court subpoena to Mr. Quick [Rec. doc. 40-2], the Court finds that the following topic numbers are appropriate for pre-certification discovery:  1, 4-6, 8-20, 22, 25, 27-32.

- Plaintiff may depose Mr. Quick as a fact witness only for certification purposes, upon the topics enumerated above.  Because the Court is advised of the possibility, if not likelihood, that Mr. Quick will be deposed more than once in this matter, his deposition as a fact witness shall be limited to six hours on the

---

[3] Plaintiffs may also propound similar written discovery upon contractor third-party defendants brought into this matter subsequent to the issuance of this Plan.

record. If or when Mr. Quick is designated as a testifying expert, Plaintiffs may depose him again in that role and to the extent provided for by the Federal Rules of Civil Procedure <u>and</u> within the time limits established below.

- Plaintiffs will be allowed to depose any other expert or fact witnesses designated by S&WB and/or Hill Brothers for certification purposes as set forth below.

### Sewerage and Water Board Discovery

- S&WB (and Hill Brothers) will be allowed to take the depositions of all identified class representatives on their class-wide allegations.

- There will be no additional written discovery propounded upon Plaintiffs by S&WB. Rather, the parties are instructed to meet and confer concerning the particular objections raised in their respective, mooted state-court motions to compel concerning the substantial written discovery propounded in that litigation. As to any certification-related discovery that any party in good faith believes remains unanswered, the parties are directed to file motions to compel with this Court on the date set forth below. Those motions are to address – with specificity – the numbered requests for which additional responses are sought and set forth – with specificity – the nature of the additional information sought.

- SW&B (and Hill Brothers) will be allowed to conduct limited written discovery and depositions of mental health professionals and medical providers of the named class representatives, related <u>solely</u> to class representatives' claims for stress, emotional distress, anxiety and medical expenses allegedly necessitated by the SELA Dwyer Intake Project.

- S&WB will be allowed to depose any fact or expert witnesses designated by Plaintiffs and/or Hill Brothers to testify for certification purposes as set forth below.

## Hill Brothers[4]

- Hill Brothers will be allowed to inspect the subject homes and properties of any and all named class representatives in connection with their class-wide allegations and claims for damages. These inspections, which may be attended by any party in the matter, may include parties' experts and those experts may take any photographs or measurements they deem necessary for certification purposes. It is the express intention of this Plan (and this Court) that only one such inspection session occur as to each named class representative's property. Such inspections should take place prior to the deposition of the properties' owner(s).

- Hill Brothers will be allowed to propound written discovery to all named class representatives, <u>provided</u>, that Hill Brother shall review all responses of Plaintiffs' to S&WB's prior written discovery in order to eliminate duplicative requests. Hill Brothers will be allowed, with S&WB, to depose of all identified class representatives on class-wide allegations.

- Hill Brothers will be allowed to conduct limited written discovery and depositions of mental health professionals and medical providers of the named

---

[4] The scope of Hill Brothers' discovery efforts will apply to any contractor third-party defendants who appear in this matter subsequent to the issuance of this Plan.

class representatives, related <u>solely</u> to class representatives' claims for stress, emotional distress, anxiety and medical expenses allegedly necessitated by the SELA Dwyer Intake Project.

- Hill Brothers will be allowed to depose any fact or expert witness designated by Plaintiffs and/or S&WB to testify for certification purposes as set forth below.

### **Precertification Deadlines**

- Amendments to pleadings shall be completed by **May 15, 2014.**

- Motions to Compel related to previously propounded written discovery shall be filed no later than **April 9, 2014** and set for hearing on **April 16, 2014.**

- Responses to Motions to Compel related to previously propounded written discovery shall be filed no later than **April 14, 2014.**

- Plaintiffs shall identify their fact witnesses for certification purposes no later than **April 15, 2014.**

- Plaintiffs shall identify their expert witnesses for certification purposes no later than **April 15, 2014.**

- Defendants and Third-Party Defendants shall identify their fact witnesses for certification purposes no later than **May 1, 2014.**

- Defendants and Third-Party Defendants shall identify their expert witnesses for certification purposes no later than **May 1, 2014.**

- Hill Brothers shall propound written discovery upon any party for certification purposes no later than **April 15, 2014.**

- Parties upon whom Hill Brothers propounds discovery for certification purposes shall provide responses no later than **May 15, 2014.**

- All depositions of fact and corporate witnesses shall be completed by **June 15, 2014.**

- Plaintiffs' expert reports shall be provided no later than **June 15, 2014.**

- Defendants' and Third-Party Defendants' expert reports shall be produced no later than **July 15, 2014**.

- Expert deposition shall be completed no later than **August 31, 2014.**

- Plaintiffs' renewed Motion to Certify Class shall be filed no later than **September 30, 2014.**

Finally, this case was removed to federal court on the basis of third-party defendants', Hill Brothers', federal government-contractor immunity defense. In connection with that defense, the Court directs the parties to file briefs addressing the following issues:

- Whether this matter is properly before the District Court on the basis of Hill Brothers' immunity defense;

- The elements that must be proven by Hill Brothers to prevail on that defense;

- Whether, in the context of this case, the merits of that defense can be decided summarily by the District Court;

- What jurisdictional effect, if any, would Hill Brothers' dismissal on the basis of the immunity defense have on federal jurisdiction in this matter; and

- The parties' views on whether the merits of Hill Brothers' federal immunity defense should be addressed in advance of a decision on class certification in this matter, including whether the precertification plan should include matters necessary to an adjudication of that defense.

**IT IS ORDERED** that the briefs on these issues are to be filed no later than **April 30, 2014.** No responses or opposition memoranda will be filed.

New Orleans, Louisiana, this   1st   day of                April              , 2014.

                                                    MICHAEL B. NORTH
                                        UNITED STATES MAGISTRATE JUDGE