UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONDA CRUTCHFIELD, ET AL.                    CIVIL ACTION

VERSUS                                       NUMBER: 13-4801

SEWERAGE & WATER BOARD OF                    SECTION: "C"(5)
NEW ORLEANS, ET AL.

### ORDER AND REASONS

Upon review of the memoranda submitted by the parties and the arguments of counsel at a hearing held on May 14, 2014, the Court issues the following Order and Reasons in connection with Plaintiffs' Motion to Compel Subpoena Responses From Leonard C. Quick & Associates and for Contempt and Sanctions and Hill Brothers' Motion to Compel Rule 34 Inspection, both of which were heard on May 14, 2014. (Rec. doc. 97, 101).

Plaintiffs' repeated and ongoing requests for the "entire file" of Mr. Quick ignores this Court's previous Order and Reasons Establishing a Precertification Discovery Plan in this case. (Rec. doc. 66). Plaintiffs are hereby ordered to cease their efforts to obtain the entirety of Mr. Quick's file through any means, including through Mr. Quick's own counsel.

After hearing the arguments of counsel on the alleged deficiencies of Mr. Quick's subpoena responses, the Court declines to order the production of anything further, pending its *in camera* review of certain materials withheld by Mr. Quick and/or the Sewerage and Water Board ("SW&B") as set forth below. Accordingly, Plaintiffs' Motion is **DENIED**. Plaintiffs' request for contempt and sanctions is likewise **DENIED**.

As for the aforementioned materials withheld by SW&B on claims of privilege, SW&B is **ORDERED** to produce those to the Court for *in camera* inspection by the close of business on May 20, 2014. Any and all materials that have been withheld by SW&B or Mr. Quick as privileged, including the 26 reports from Mr. Quick to counsel for the S&WB provided to the Court for *in camera* inspection at the May 14 hearing, are to be identified and described in an appropriate privilege log and provided to the Court for *in camera* inspection by May 20, 2014. That privilege log shall fully comply with the Federal Rules of Civil Procedure and is to include, *inter alia*, a brief description of the document, the privilege(s) being asserted, and on whose behalf the privilege is being asserted. Failure of SW&B to submit a proper log will be deemed by this Court a waiver of any claims of privilege over the subject documents.

With respect to Hill Brothers' Motion to Compel Rule 34 Inspection, the Court **GRANTS** the Motion with the following limitations. As a threshold matter, the Court refers the parties to the parameters that were set forth in the Precertification Discovery Plan. (Rec. doc. 66, p. 8). With those parameters in mind, the inspections shall go forward between May 15 and 23, 2014, as described in Hill Brothers' Request for Entry and as further described in the emails of its counsel, subject to the following further modifications. (Rec. docs. 101-5, 101-7, 101-8). No crack monitors are to be installed at the subject residences, but Defendants' experts may manipulate discrete areas of dirt surrounding the houses to be inspected with a shovel or other similar implement. To the extent possible, disruption to the earthen areas and to the sanctity of the Plaintiffs' homes is to be kept to a minimum. Counsel for Plaintiffs is/are ordered to be present at all such inspections, in

order to minimize concerns expressed over communications between the inspecting experts and the individual Plaintiffs, who are also to be present at the inspection of their respective homes.[1]  Additionally, Plaintiffs' counsel may prepare lists describing the alleged damage to Plaintiffs' homes, but such lists are to be completed in advance of the inspections and the absence of such a list shall not prevent the inspections from going forward. Further, the experts' inspections will not be limited to what is set forth in any such descriptive lists.

Finally, the Court notes that, despite its previous observation in its April 16 Minute Entry (Rec. doc. 81) that Plaintiffs' witness list bearing the names of some 107 fact witnesses was "excessive in the extreme," Plaintiffs chose to add names to that list, rather than eliminate names, as directed by the Court.  For the reasons recited in open court on two occasions now, the Court strongly encourages the Plaintiffs to pare down their recently-filed amended witness list in keeping with the scope of the evidentiary hearing described by the District Judge in her Order and Reasons of January 30, 2014.  (Rec. doc. 56).

New Orleans, Louisiana, this 16th day of May, 2014.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[1] If there are multiple plaintiffs/class representatives for a particular home (*i.e.*, husband and wife), only one need be present at the inspection.

3