UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONDA CRUTCHFIELD, <u>ET</u> <u>AL</u>.                         CIVIL ACTION

VERSUS                                                NUMBER: 13-4801

SEWERAGE & WATER BOARD OF                             SECTION: "C"(5)
NEW ORLEANS, <u>ET</u> <u>AL</u>.

### **ORDER AND REASONS**

Presently before the Court is Plaintiffs' Motion to Compel the Rule 30(b)(6) Corporate Deposition of Third-Party Defendant, Hill Brothers Construction Company ("Hill Brothers"), Hill Brothers' Memorandum in Opposition thereto, and the parties' Supplemental Memoranda on the issue.  (Rec. docs. 170, 184, 195, 197).  Oral argument on Plaintiffs' motion was held on July 16, 2014.  (Rec. doc. 194).  For the reasons that follow, Plaintiffs' motion is denied.

Consistent with the Court's initial Precertification Discovery Plan, Plaintiffs noticed the Rule 30(b)(6) deposition of Hill Brothers for June 13, 2014.  At the outset of that deposition, counsel for Hill Brothers explained that the corporation was no longer in existence and that he lacked authority to designate a person as an appropriate corporate representative.  Instead, produced for the deposition was John Hendrix, the on-site project

manager for the construction undertaking at issue, who was felt to be the most knowledgeable person available to testify as to the topics set forth in the Rule 30(b)(6) notice of deposition.  Hendrix provided over two hundred pages worth of testimony.  (Rec. doc. 160-5).  As of June 12, 2014, the day before Hendrix's deposition, an online review of the records of the Mississippi Secretary of State revealed that Hill Brothers was a viable corporate entity with Kenneth W. Hill being its registered agent and having a number of officers and directors.  (Rec. doc. 184-1).  A subsequent search conducted on June 26, 2014, which included filings through June 18, 2014, revealed that the dissolution of the company had been authorized on July 11, 2013 but was effective as of June 2, 2014, the date of its filing.  (Rec. doc. 184-2).  Other corporate filings reveal the resignations of Hill Brothers' President/Director, its two Incorporators, and two other Directors on various dates in February of 2014.  (*Id.*).

The plain text of Rule 30(b)(6) allows an adverse party to ". . . name as a deponent a public or private corporation . . ." which ". . . must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf . . ."  Hills Brothers having been dissolved under Mississippi law, there is currently no one authorized to act on its behalf to designate an appropriate Rule 30(b)(6) representative or to comply with an order compelling it to do so.  As a further consequence of its dissolution, there are no ". . . officers, directors, or managing agents . . ." for Hill Brothers to designate nor is the Court alerted to any ". . . other persons who consent to testify on its behalf . . ."  While the Court has been cited to Mississippi law which allows a dissolved Mississippi corporation to carry on that business which is appropriate to wind up

and liquidate its business and affairs, the Court is not directed to any authority in which a dissolved Mississippi corporation was compelled to designate and produce a Rule 30(b)(6) representative. Nevertheless, counsel for Hill Brothers is ordered to continue in his efforts to locate the individuals who have been identified as having knowledge of the matters at issue in this litigation and to provide the identities and whereabouts of those individuals to all parties. As those individuals are non-parties to this proceeding, they will have to be subpoenaed for deposition purposes.

New Orleans, Louisiana, this 24th day of July, 2014.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE