UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONDA CRUTCHFIELD, <u>ET</u> <u>AL</u>.                                     CIVIL ACTION

VERSUS                                                                          NUMBER: 13-4801

SEWERAGE & WATER BOARD OF                                SECTION: "C"(5)
NEW ORLEANS, <u>ET</u> <u>AL</u>.

### **ORDER AND REASONS**

Presently before the Court is Plaintiffs' motion for leave to file a second supplemental and amended class action complaint for damages which was fully briefed by the parties and was heard with oral argument on August 13, 2014.  (Rec. docs. 189, 172, 193, 201, 202, 203, 210, 214).  For the reasons that follow, the motion is **GRANTED**.

By way of their present motion, the Plaintiffs seek to name as direct Defendants in this matter current third-party defendant, Hill Brothers Construction Company ("Hill Brothers"), and its insurers.  Plaintiffs also seek to add as direct defendants Griffin Dewatering Southwest, LLC ("Griffin"); Blue Foundation and Shoring, LLC ("Blue Iron"); and Bhate Geosciences Corporation ("Bhate"), each of which is also a third-party defendant, and their unknown insurers.  The asserted bases for opposition to Plaintiffs' motion are its futility and failure by Plaintiffs to show good cause – the Rule 16 standard governing amendments to pleadings after a scheduling order's deadline to amend has expired.  *See Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).   As for the latter argument, although the deadline for amendments to pleadings that was set forth in the Court's order of April 1, 2014 has technically expired (rec. doc. 66, p. 9), the principal

1

purpose of that order was to establish an orderly plan for proceedings in advance of the class-certification hearing that will be held but has not yet been scheduled in this case. The deadline was not established during the course of a preliminary conference in which a date for a full-blown trial on the merits was scheduled. As such, there is some question whether Rule 16 provides the appropriate standard.

Assuming, *arguendo*, that the Rule 16 standard applies, the Court believes that good cause has been shown here. Central to this finding is the recent revelation that the dissolution of Hill Brothers had been authorized on July 11, 2013 but was effective as of June 2, 2014, the date of its filing. This occurrence significantly altered the landscape of this litigation. The addition of Hill Brothers' insurers has obviously now taken on greater importance. The motion seeking to add Hill Brothers as a direct defendant was filed on June 12, 201 (the day after the dissolution became effective) and came on the heels of the production of the Leonard Quick report in which it is alleged that Hill Brothers failed to follow the specifications of the Corps of Engineers. (Rec. doc. 152). The potential claims against Griffin, Blue Iron, and Bhate came into greater focus only after the deposition of Mr. Hendrix on June 13, 2014. With the federal contractor immunity defense lurking in the background, the Court can readily understand why these entities are sought to be added as direct defendants. Plaintiffs' motion as to those third-party contractors was filed on July 15, 2014. Under these circumstances, the Court believes that any delay in seeking the amendment was minimal.

Moreover, the parties now sought to be added as direct defendants have already appeared in this case as third-party defendants. Counsel for those parties have attended

the depositions that have recently been conducted. In terms of the prejudice to the entities that would occur if the amendment were allowed, the reasons that were articulated during the course of the hearing were rather vague and non-specific. At this point in the proceedings and on the record before the Court, the Court is unable to say with any degree of certainty whether the claims sought to be asserted are futile. Resolution of those claims is better suited via dispositive motion practice following greater development of the record. For all of these reasons, Plaintiffs' motion is **GRANTED**.

New Orleans, Louisiana, this 15th day of August, 2014.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE