UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RONDA CRUTCHFIELD, ET AL**             **CIVIL ACTION NO. 13-cv-4801**

**VERSUS**                                **SECTION "C"**

**SEWERAGE & WATER BOARD OF**             **HON. HELEN BERRIGAN**
**NEW ORLEANS, ET AL**

### Order and Reasons

Before the Court is plaintiffs' Motion for Partial Summary Judgment. Rec. Doc. 235. Defendants, Sewerage and Water Board of New Orleans ("SWB"), Bhate Geosciences Corporation ("Bhate"), Liberty Mutual Fire Insurance Company ("Liberty") and Hill Brothers Construction Company, Inc. ("Hill Bros.") oppose the motion. For the reasons discussed herein, the Court DENIES WITHOUT PREJUDICE plaintiffs' Motion.

I.  **Factual background**

The plaintiffs bring this proposed class action lawsuit alleging that defendants' construction of the Dwyer Road Intake Canal inflicted damage to plaintiffs' and proposed class members' property in the surrounding area. Rec. Doc. 1-2. The Dwyer Road Intake Canal is a federally funded project administered by the United States Army Corps of Engineers

("USACE"). Rec. Doc. 1 at 2. This case was originally filed in Orleans Civil District Court. Rec. Doc. 1-2. It was removed pursuant 28 U.S.C. §1442(a)(1) because Hill Bros. claims it is a government contractor immune from suit. Rec. Doc. 1 at 3. Since April 1, 2014, the parties have engaged in discovery limited to class certification issues. Rec. Doc. 66. On January 16, 2015 plaintiffs filed a renewed motion to certify class action. Rec. Doc. 277. Plaintiffs now move for partial summary judgment, arguing that Hill Bros.' claim of government contractor immunity should be dismissed. Rec. Doc. 235.

## II.     Standard of review

Summary judgment is proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1996).

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of '[discovery], together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). Once the initial burden is met, the nonmoving party must "designate specific facts showing there is a genuine issue for trial" using evidence cognizable under Rule 56. *Id.* at 324, 106 S. Ct. at 2253. "[U]nsubstantiated assertions" and "conclusory allegations" will not defeat a properly supported motion for summary judgment. *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 871-73, 110 S.Ct. 3177, 3188, 111 L. Ed. 2d

695 (1990). "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Anderson*, 477 U.S. at 249-50, 106 S. Ct. at 2511 (internal citations omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248, 106 S. Ct. at 2510.

When reviewing a motion for summary judgment, a court must view the evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Daniels v. City of Arlington, Texas*, 246 F.3d 500, 502 (5th Cir. 2001). Summary judgment does not allow a court to resolve credibility issues or weigh evidence. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

### III.   Law and Analysis

Hill Bros. states an affirmative defense that it is immune from liability on the basis of the "government contractor defense." *Boyle v. United Technologies Corp.*, 47 U.S. 500 (1988); *Hercules v. U.S.*, 516 U.S. 417 (1996). Rec. Doc. 267 at 28. Plaintiff, in its motion for partial summary judgment, argues that Hill Bros. lacks evidence required to establish that it is entitled to this defense, and that the defense should be stricken. Rec. Doc. 235-1 at 1. Plaintiff claims that in order to assert the government contractor defense, Hill Bros. must establish that it fully complied with the Army Corps of Engineers' ("Corps") specifications, but that Hill Bros. violated these specifications on numerous occasions. *Id.* at 3-4.

In response, SWB, Hill Bros., and Bhate put forth substantially similar arguments. They argue that the motion is premature because the lawsuit is still in the pre-certification stage, and that discovery on these issues has not been completed. Rec. Doc. 254 at 1. Defendants also argue that the motion relies on hearsay and incompetent evidence. *Id*. Finally, defendants argue that

they are not required to show total compliance with the Corps' specifications, but rather need only show that the Corps supervised and controlled the implementation of the specifications and accepted the final product. Rec. Doc. 290 at 12.

The Court will first discuss whether the motion is ripe for adjudication. As previously noted, since April 1, 2014, the parties have engaged in discovery limited to class certification issues. Rec. Doc. 66. In his order establishing a precertification plan, Magistrate Judge Michael North ordered that the parties submit briefing on Hill Bros.' immunity defense, whether the defense should be addressed in advance of a decision on class certification, and whether the precertification plan should include matters necessary to adjudicate the defense. *Id*. at 10-11. The parties subsequently submitted briefing on this issue on April 30, 2014. Rec. Docs. 94, 95, 96. On July 1, Judge North issued an amended precertification discovery plan. Rec. Doc. 180. Notably, Judge North did not allow for discovery on the Hill Bros.' immunity defense or otherwise rule on the issue of immunity. As a result, no discovery has been conducted on the issue of government contractor immunity—the subject of the instant motion.

The lack of discovery on this issue is highlighted by the significant gaps in plaintiffs' evidentiary support for this motion. As SWB points out, plaintiffs have not provided the Court with the contract that explicitly sets forth specifications approved by the Corps. Rec. Doc. 254 at 4. They have also provided incomplete copies of the Corps' Scope of Work. The portion that plaintiffs attached merely requires the contractor to record and document vibrations exceeding 0.25 inches per second and notify the Government Resident Inspector of vibrations above that level. Rec. Doc. 235-3 at 1. It does not state that vibrations exceeding 0.25 inches per second constitute a violation of the specifications. Plaintiffs also provide an excerpt from a Hill Bros. contract that states similar requirements, but the excerpt does not establish if these are

specifications imposed by the Corps. Rec. Doc. 235-1. Thus, contested issues of fact remain as to what the Corps' precise specifications regarding dewatering and vibration levels were and whether vibrations exceeding 0.25 inches per second actually constituted a violation of these specifications. Plaintiffs' reliance on incomplete documentation and hearsay supports that adjudication of this issue should be postponed until the parties have conducted further discovery.

Accordingly, IT IS ORDERED that plaintiffs' motion is DENIED WITHOUT PREJUDICE.

New Orleans, Louisiana this 4th day of March, 2015.

U.S. DISTRICT COURT JUDGE
HELEN G. BERRIGAN