UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

RONDA CRUTCHFIELD, ET AL.                    CIVIL ACTION

v.                                           NO. 13-4801

SEWERAGE & WATER BOARD OF                    SECTION "F"
NEW ORLEANS, ET AL.

ORDER AND REASONS

Before the Court is the plaintiffs' motion to remand.  For the
reasons that follow, the motion is DENIED.

Background

This lawsuit arises from alleged property damage caused by
construction of the Dwyer Road Intake Canal in New Orleans.  The
plaintiffs, who are individual residents of New Orleans, brought
this proposed class action in Orleans Parish Civil District Court
against Hill Brothers, the Sewerage & Water Board of New Orleans,
Richard C. Lambert Consultants, Blue Iron, and various unnamed
insurers.  Hill Brothers, who had been contracted by the U.S. Army
Corps of Engineers, removed the case on June 14, 2013, pursuant to
28 U.S.C. § 1442(a)(1), because it alleged a government contractor
immunity defense.  Other parties were added to the case after
removal.

In April 2014, Magistrate Judge North ordered that the parties
submit briefing about the governmental immunity defense and its
implications for subject matter jurisdiction; the plaintiffs did
not move for remand.  Magistrate North set a discovery schedule,

1

and several months later, the plaintiffs moved for partial summary judgment as to Hill Brothers' governmental immunity defense. Seven weeks ago, before recusing herself from the case, Judge Berrigan denied without prejudice the plaintiffs' attempt to dismiss Hill Brothers' government contractor immunity defense, finding that the plaintiffs had "significant gaps" in evidentiary support. The Court found that adjudication of the merits of Hill Brothers' defense "should be postponed until the parties have conducted further discovery."[1]

After Judge Berrigan's recusal, the case was re-allotted to this Section of the Court, and the pending evidentiary hearing on the motion to certify class was cancelled. The plaintiffs were instructed to re-submit their motion in accordance with the page limit provided by the Local Rules and to include as exhibits all evidence they wished the Court to consider, and a briefing schedule was set. The plaintiffs later asked for an extension of the briefing schedule, stating that they needed more time to prepare the exhibits. The Court granted the request, only to discover that perhaps the extra time was in fact sought for the filing of this motion to remand.[2]

---

[1] See Order & Reasons, dated March 4, 2015.

[2] In its opposition to the motion to remand, the Sewerage & Water Board notes that the "plaintiffs' disingenuous claim for needing to continue the class certification submission date only to proffer this groundless retread of a just denied argument, thus requiring the unnecessary expenditure of significant time and

2

set

I.

The Federal Officer Removal Statute, 28 U.S.C. § 1442, permits the removal of any civil or criminal action brought in state court when the defendant in the matter is:

> The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1).  The Fifth Circuit has recognized that the purpose of removal pursuant to this statute is to "ensure a federal forum in any case where a federal official is entitled to raise a defense arising out of his official duties," and that "this right is not to be frustrated by a grudgingly narrow interpretation of the removal statute." Winters v. Diamond Shamrock Chemical Co., 149 F.3d 387, 398 (5th Cir. 1998).  The removing defendant has the burden of establishing the existence of federal jurisdiction. Id. at 398.  Removal under § 1442(a)(1) is proper only when the defendant: (1) is a "person" within the meaning of the statute, (2) who acted under color of federal authority when he committed the acts that allegedly led to the plaintiffs' injuries, and (3) has a "colorable federal defense." Mesa v. California, 489 U.S. 121 at

_____

resources, approaches the territory of sanctionable conduct per 28 U.S.C. § 1927."  This Court agrees and warns plaintiffs' counsel of that provision.

3

131–32 (1989); <u>Winters</u>, 149 F.3d at 398.

II.

The plaintiffs contend that remand is proper because Hill Brothers did not strictly comply with the specifications of the U.S. Army Corps of Engineers. Hill Brothers and several other parties submit that this Court has subject matter jurisdiction, that Hill Brothers can easily make a showing of a "colorable federal defense," and that the plaintiffs misstate the requirements of § 1442(a)(1). The Court agrees.

*A. Person under § 1442(a)(1)*

Corporate entities may qualify as persons under 28 U.S.C. § 1442. <u>Winters</u>, 149 F.3d at 398. At all relevant times, Hill Brothers was a corporation. Moreover, the plaintiffs make no argument that Hill Brothers does not fulfill this requirement.

*B. Federal Direction and Causal Nexus*

To satisfy the second prong of the analysis, this Court has required that a defendant "demonstrate that [he] acted pursuant to a federal officer's directions and that a causal nexus exists between the defendant['s] actions under color of federal office and the plaintiffs' claims." <u>Dupre v. Todd Shipyards Corp</u>., No. 11-2097, 2011 WL 4551439 (E.D. La. Sept. 29, 2011) (Zainey, J.). Here, the plaintiffs claim that Hill Brothers failed to follow the Corps's vibration and dewatering specifications, thus stripping Hill Brothers of immunity. Hill Brothers and the other respondents

4

contend that Hill Brothers worked under the supervision of the Corps, and that any deviations from best practices was minimal.  In the end, after all, the Corps approved of Hill Brothers' construction work.

The Court agrees with Hill Brothers.  The project was funded in its entirety by the federal government, and the Army Corps of Engineers exercised direct and detailed control over Hill Brothers' construction activities throughout.  Hill Brothers' Project Manager, John Hendrix,[3] explained that before performing work, Hill Brothers was required to schedule preparatory meetings with the Corps to get approval for how the work was to be performed.  The Corps had an office at the project site with personnel who monitored the daily construction activities and inspected the work performed by Hill Brothers to ensure that it was in compliance with the contract plans and specifications.  The Corp prepared a quality assurance report to document its findings and future construction issues.  It provided periodic performance reviews, and at the end of construction, it confirmed that the project was completed satisfactorily.  See C.R. Pittman Const. Co. Inc. v. Parson and Sanderson, Inc., 2010 WL 3418240 (E.D. La. Aug. 24, 2010) (Lemelle, J.) (upholding removal where the contract with the Corps required

---

[3] See Miles v. Sewerage & Water Board of New Orleans, No. 04-1587, 2004 WL 1794527 (E.D. La. Aug. 10, 2004) (Duval, J.) (upholding removal based on the affidavit of a project superintendent).

the Corps to occupy and staff a field office that inspected equipment and work).

The plaintiffs contend that because some of Hill Brothers' work did not perfectly comply with its contract terms (e.g., sometimes the vibration levels exceeded a level imposed by the Corps), Hill Brothers must have had the discretion to work outside of the contract and thus did not work at the direction of the Army Corps of Engineers. This overly narrow reading distorts the purpose of § 1442. See Joseph v. Fluor Corp., 513 F. Supp. 2d 664, 671 (E.D. La. 2007) (Fallon, J.) (noting that the federal officer removal statute must be broadly construed, resolving all factual disputes in favor of federal jurisdiction).

*C. Colorable Federal Defense*

Hill Brothers invokes government contractor immunity as a defense to the plaintiffs' claims. To show removal is proper, Hill Brothers need not prove its asserted defense; it must assert only its colorable applicability to the claims. A motion to remand is not the proper mechanism by which to litigate a defendant's defense.[4]   Winters, 149 F.3d at 387; Laurent v. City of New

---

[4] To succeed on the merits of its defense, Hill Brothers will have to show: (1) that the government approved reasonably precise specifications; (2) that the government supervised and controlled the implementation of those specifications; and (3) that Hill Brothers was not aware of reasons also not known to the government that would make the implementation of the specifications unsafe or unreasonable. Hill Brothers makes a substantial showing that it will be able to prove all three elements, and there is no evidence on this record to the contrary.

Orleans, No. 14-2022, 2014 WL 5410654 (E.D. La. Oct. 23, 2014) (Barbier, J.).   Hill Brothers has alleged that the Army Corps imposed precise specifications to which it conformed its construction work.

Because Hill Brothers has demonstrated that (1) it is a person within the meaning of § 1442(a)(1), (2) it acted under the direction of the U.S. Army Corps of Engineers, and (3) it has a colorable federal defense, removal of this matter was proper under 28 U.S.C. § 1442(a)(1).[5]   According, IT IS ORDERED that the plaintiffs' motion to remand is hereby DENIED.

New Orleans, Louisiana, April 20, 2015

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[5] There may be other bases for the exercise of jurisdiction as well: Blue Iron, a subcontractor, also asserts a government contractor immunity defense, and Travelers Property Casual Company and Liberty Mutual Fire Insurance Company contend that the Class Action Fairness Act provides another basis for federal jurisdiction.